Bernard S. Meyer, J.
Plaintiff landlord moves for summary judgment in an action for judgment declaring that it has the right to extend its building beyond and to the east of the store occupied by defendant tenant. The tenant cross-moves for summary judgment. The motion is granted and the cross motion denied.
The unnumbered opening paragraph of the lease sets forth a typewritten description of the premises leased as: “A store and basement approximately 50' x 80' in the shopping center *961 to be constructed in Oceanside, Long Island”. Paragraph 34th, also typewritten, states: “ The tenant’s store shall be the last store on the easterly end of the shopping center.” Had paragraph 34th immediately followed the description quoted above, there would be no question that use of future tense in paragraph 34th resulted from the fact that the center was “ to be constructed ” and that the words “ last store on the easterly end ” were descriptive only. Pointing to the separation of paragraph 34th from the description, defendant contends that it is not descriptive but restrictive.
The lease is to be construed so as to carry out the intent of the parties to it, ascertained from an examination of the lease as a whole and, unless after such an examination there remains an ambiguity, parol evidence may not be received as an aid to construction. That paragraph 34th was descriptive and not restrictive is clearly evident from such an examination. The reason for use of future tense has already been adverted to. Location of paragraph 34th, which is defendant’s strongest point, loses significance in light of the fact that paragraph 35th describes the basement area rented and 37th the equipment to be contained in the demised premises. Paragraph 2d provides that “ there shall be no allowance to Tenant for a diminution of rental value and no liability on the part of Landlord by reason of inconvenience, annoyance or injury to business arising from Landlord, Tenant or others making any repairs, alterations, additions or improvements in or to any portion of the building or demised premises, or in or to fixtures, appurtenances, or equipment thereof” (emphasis supplied), thus reserving to the landlord the right to make additions to the building. Paragraph 59th provides in mimeographed text that No * * * permanent or temporary deprivation of any existing right, privilege or easement appurtenant to the demised premises, shall operate as or be deemed an eviction of the tenant or in any way terminate, modify, diminish or abate the obligation of the tenant ” and in typewritten addition to the text states “ A reduction of more than 10 feet in the size of the main floor and/or the basement shall be excluded from the operation of this clause.” The limitation of the paragraph as to area but not as to location suggests that the parties looked upon paragraph 34th as descriptive rather than restrictive. Moreover, paragraph 67th by which “ The landlord agrees that it will not grant to any other store in the shopping center the right to sell wallpaper at retail or wholesale ” shows that when the parties intended a restriction they phrased it in positive and restrictive language. Considering all of the foregoing *962 as a whole, and bearing in mind that the policy of the law, which the parties are presumed to have known, is in favor of free and unrestricted use of property (Premium Point Park Assn. v. Polar Bar, 306 N. Y. 507, 512; Schoonmaker v. Heckscher, 171 App. Div. 148, 151, affd. 218 N. Y. 722) the court concludes that paragraph 34th imposes no restriction against building an addition to the east of defendant’s store.
Defendant has interposed two affirmative defenses. The first is that the area in which plaintiff proposes to erect the addition is parking area and was warranted by the landlord to be used for parking and for ingress and egress to defendant’s basement. The area is marked “ Parking Area” on a plot plan attached to plaintiff’s complaint, but that plot plan was not annexed to defendant’s lease, and therefore cases such as Hempstead Corp. v. Traeco Hempstead (14 Mise 2d 554), which involved a diagram annexed to the lease, are not controlling. Defendant points to no lease provision with respect to basement access, though paragraphs 35th and 37th (f) both deal with the basement, the latter by requiring an inside stairway to the basement. As above noted, paragraph 59th permits permanent revocation of any “ right, privilege or easement appurtenant to the demised premises ”, so the fact, if it be a fact, that defendant has been using a cellar entrance from the parking area as access to the basement avails it nothing, so long as it continues to have usable access to the basement, which it does not deny. As for the parking area itself, paragraph 49 states that ‘1 It is agreed that the parking area provided is for the benefit of customers of the various tenants of the project and shall not be used by the tenant, or any employees of tenant.” Clearly this is restrictive only upon the tenant and does not constitute a covenant that the area in dispute in this action will be maintained as parking area. Even if it could be construed to require the same number of spaces, paragraph 59th would permit permanent revocation of parking privileges as to a given area, at least so long as the number of available spaces is not decreased. It is alleged by plaintiff and not denied by defendant that rather than decrease the number of spaces, plaintiff has, by rearranging them, increased them by 30 spaces.
The second affirmative defense is concerned with ingress and egress to the basement, which has been dealt with above, and the fact that defendant has a sign on the easterly wall of the building erected with the permission of plaintiff’s predecessor. Defendant points to paragraph 48th of the lease which provides that “ The tenant shall erect a sign on the parapet wall above the demised premises ” and says (answer par. 6): “ The *963 availability of a parapet wall for the installation of said sign was one of the specific reasons why the tenant bargained for and obtained an agreement that ‘ the tenant’s store shall be the last store on the easterly end of the shopping center ’ ’ ’. The difficulty with that argument is that it ignores the word “ above ” and misdefines “ parapet According to Webster’s Third New International Dictionary Unabridged, “ parapet ” is defined as “ a low wall or similar barrier; esp: one to. protect the edge of a platform, roof, bridge or other structure.” What paragraph 48th refers to is not the easterly wall of the building but that portion of the wall above the store front of the building, for only that meets the description ‘ ‘ parapet wall above the demised premises”. Whatever privilege defendant has had with respect to its sign on the easterly wall has been just that, a privilege, and subject to permanent revocation under paragraph 59th.
It follows that neither affirmative defense is valid and that plaintiff is entitled to the entry of judgment declaring that defendant’s lease does not proscribe plaintiff’s building in the area shown on Exhibit A annexed to the complaint and referred to in the complaint as 11 disputed area ”.