■ JOHN ARMOUR et al., Appellants, v. CITY OF NEWBURGH et al., Respondents.— In a proceeding pursuant to CPLR (art. 78) to declare void an amendment of the Zoning Ordinance of the City of Newburgh, petitioners appeal from an order of the Supreme Court, Orange County, entered September 16, 1965, which (1) stayed the proceeding; (2) ordered its dismissal if this court should hold "that Mr. Justice Bailey's decision of March 30, 1965, dismissing the petition in the prior proceeding of Casterlin, et al. v. The City of Newburgh, Index No. 354/1965, was proper"; and (3) ordered that "upon a reversal of the aforesaid decision * * * an order may be entered consolidating both proceedings for all purposes." Appeal dismissed, with costs to respondents. The order from which petitioners have appealed is not appealable as of right but only by permission, proof of which does not appear in the record (CPLR 5701, subd. [b], par. 1; 5701, subd. [c]). Beldock, P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ TIGRAM ARRATHOON, Respondent, v. PERGAMENT OCEANSIDE CORP., Appellant.— In an action by a landlord of a shopping center against a tenant of the last store on the easterly end thereof to declare that the landlord may erect additional stores on a portion of the parking area adjoining and to the east of tenant's store, the tenant appeals from an order and judgment (one paper) of the Supreme Court, Nassau County, entered November 12, 1965, which granted summary judgment in favor of landlord and denied tenant's cross motion for such relief. Order and judgment affirmed, without costs, on the opinion at Special Term. Christ, Hill, Rabin and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to modify the order and judgment by denying the plaintiff's motion for summary judgment, with the following memorandum: On June 15, 1954 plaintiff's predecessor in interest leased to defendant a store 50 feet by 80 feet in a shopping center to be constructed in Oceanside, Nassau County. Paragraph 34 of the lease provided that defendant's store shall be the last store on the easterly end of the shopping center. In February, 1963 plaintiff purchased the property. Plaintiff plans to construct an addition to the easterly end of the shopping center, which would not only require the removal of an illuminated neon sign bearing defendant's name, but would also eliminate the store's advantages as to access and visibility from Long Beach Road. In this action for a declaratory judgment that plaintiff has the right to extend its building beyond and to the east of the store occupied by defendant, plaintiff claims that paragraph 34 is descriptive, while defendant claims it is restrictive. In my opinion, paragraph 34 would have been descriptive of the location of the store in the shopping center only if there were other stores of the same dimensions as that of defendant. However, since the plan of the shopping center did not call for any other store of those dimensions, paragraph 34 could not have been descriptive of the location because there was no doubt as to which store was intended to be leased by defendant. Therefore, paragraph 34 could not have been intended to be other than restrictive.