Lester Sacks, J.
Petitioner (administratrix of the estate of Anna Savoia), brings- this summary proceeding as landlord against respondent as tenant for possession of premises for nonpayment of rent.
Anna Savoia died intestate leaving her surviving seven children and two grandchildren, children of a deceased daughter. Included at death among her assets was a one-family house occupied by respondent (husband of decedent’s deceased daughter) and his two daughters (decedent’s grandchildren). Respondent has .occupied the premises with his wife, children and decedent some 25 years, paying rent to decedent during her lifetime, but has paid no rent since her -death. For the purpose of this proceeding" we consider that both respondent and his children are in possession of the premises.
Respondent objects that this summary proceeding cannot be maintained under the Real Property Actions and Proceedings Law because there is neither a landlord-tenant relationship between the parties under section 711, nor is it within permissible grounds under section 713 where no landlord-tenant relationship exists. He also argues that all necessary parties are not before the court because title is in decedent’s nine -statutory distributees (seven children and two grandchildren) as tenants in common whose interests may be adversely affected by the defense and counterclaim.
The issue presented is whether the administratrix may maintain this summary proceeding for possession of the property.
Petitioner relies on EPTL 11-1.1 (subd. [b], par. [5], cl. [A]) authorizing fiduciaries “ To take possession of, collect the rents from and manage ” property owned by an estate.
Generally a tenant in common may occupy property without incurring liability (Wood v. Phillips, 43 N. Y. 152; Bullock v. Hartburg, 286 App. Div. 918) except when he commits or allows some act to be committed excluding the other tenants in common from using and enjoying the property (Zapp v. Miller, 109 N. Y. 51, 57). However, the rule, exempting such tenant from liability, applies only as between tenants themselves and not as between a tenant and administratrix which is the relationship of the parties in this proceeding (Limberg v. Limberg, 256 App. Div. 721, affd. 281 N. Y. 821).
EPTL 11-1.1 (subd. [b], par. [5], cl. [A]) makes no exception to the administratrix ’ power to collect rents from a distributee-tenant in, possession. If it had been intended to exempt *481 such tenant the statute would have so provided. Absent such exemption, respondent is obliged to pay rent to the administratrix. , While title to real property vests in distributees as tenants in common it is subject to the administratrix’ right to take possession of, collect the rents from and manage the property (Limberg v. Limberg, supra).
Petitioner’s status as a representative of the estate is to be distinguished from her status as a distributee. When she demands rent or possession as administratrix, she exercises power conferred on her by statute and not by virtue of her interest in the property as distributee or tenant in common. EPTL 11-1.1 (subd. [b], par. [5], cl. [A]) requires respondent, tenant in possession, to pay a reasonable rental during administration of the estate (Johnson v. Depew, 38 A D 2d 675, 676).
Having determined that petitioner is entitled to possession and may collect the rents, the next question is whether the administratrix may do so by summary proceeding.
Real Property Actions and Proceedings Law prescribes when (§§ 711, 713) and by whom (§ 721) summary proceedings may be maintained. Section 713 sets forth permissible grounds in the absence of a landlord-tenant relationship. This case does not come within section 713 grounds. However section 711 permits a special proceeding to recover real property to be maintained where a tenant has defaulted in the payment of rent pursuant to an agreement under which the premises are held. The respondent, having been a tenant of and having paid rent to decedent pursuant to an agreement, continues to hold the premises under such agreement and is therefore subject to section 711.
Under the original statute of 1820, summary proceedings were maintainable by the “ landlord or lessor, or his heirs, executors, administrators, attorney, agent, bailiff, receiver or assignees.” However, the former Civil Practice Act (§ 1414, subd. 6) only enumerated the legal representative, agent, or assignee of the landlord, purchaser or other person entitled to maintain the proceeding, as persons who could bring the proceeding. Subdivision 8 of section 721 of the Real Property Actions and Proceedings Law enumerates the legal representative of the landlord— among others — as a person entitled to maintain the proceeding. Although there is no reported case defining “legal representative ” as used in the former Civil Practice Code authorizing his maintenance of summary proceeding, it is fair to assume that “ legal representative ” as now used is intended to embrace, as originally provided, the persons to whom the landlord’s rights have been transferred voluntarily or by apt or pperation of law.
*482 An administrator authorized by law to take possession of and collect rents from property owned by decedent succeeds to his right to bring a special proceeding to recover possession of the property. There is no reason why the administrator shoulcLbe without authority to resort to the summary remedy for nonpayment of rent (Koss v. United Stores Realty Corp., 148 Misc. 912).
We may think of petitioner-administratrix, by virtue of her right to possession, as a landlord of the property during the period of administration of the estate and the distributees as remaindermen with right to possession and enjoyment only upon termination of the administratrix’ statutory rights (Matter of Burstein, 153 Misc. 515, 518).
Having been vested with an additional estate asset — right to possession of the property and to collect its rents — during her. incumbency in office, the administratrix possesses not only the right, but the obligation, to conserve this asset for the benefit of the cestuis que trustent, like any other asset (Matter of Burstein, supra). The right to possession vests her with available remedies to defend the property against encroachment of injury and to obtain possession. Decedent’s granddaughter distributees may not be regarded as cotenants for the purpose of using the property before administration of the estate is ended. During administration they have only a right similar to a right of reversion, while administratrix’ position is analogous to a lessee for a term. During administration they are obligated to the administratrix for use of the property.
In the interest of conserving this possessory estate asset, the administratrix may resort to a section 711 proceeding to recover possession of the property for nonpayment of rent.
Having determined that this special proceeding may be maintained, respondent’s second defense to the contrary is without merit and is hereby dismissed.
Respondent’s first defense asserting a beneficial interest in the property and equitable title thereto and his first counterclaim to recover $10,000 for improvements of the property are dismissed without prejudice to his right to maintain an independent action in the proper court against all necessary parties having an interest in the property for such relief or to file a claim in the Surrogate’s Court as creditor of the estate, whichever he may be advised, so that the interest of all necessary parties may be properly determined.
Accordingly, the motion to dismiss the petition is denied and this matter set down for a hearing in the Landlord and Tenant Part 35, March 19,1973 at 10:00 A-M.