OPINION OF THE COURT
Richard Lee Price, J.
This article 78 proceeding seeks a judgment directing that petitioner be granted a five-point veteran’s preference and that he be placed on the eligible list for appointment as a sergeant in the New York City Police Department. Respondents cross-move for an order dismissing the petition by reason of the Statute of Limitations.
Petitioner is a patrolman in the New York City Police Department. On November 24, 1978, he took an examination for promotion to sergeant and received a score of 79.592%. The examination announcement provided that the “passing mark” would be the score of the 600th highest candidate, plus ties. No absolute passing grade was set.
Petitioner did not obtain a sufficiently high score to place within the top 600 candidates. However, petitioner claims that he is entitled to a five-point veteran’s preference under section 6 of article V of the New York State Constitution and that with the addition of the five points to his score he would be eligible for appointment. Respondents maintain that petitioner is not entitled to a veteran’s preference in that under section 6 of article V of the New *389 York State Constitution a veteran is eligible for a preference tc- move him up higher on the list only if he has already “qualified” in the examination.
Respondents maintain that the administrative determination establishing the list became final on or about July 9, 1980, when the list was first established, and that this proceeding (commenced in Oct., 1981) is, therefore, barred by the four-month Statute of Limitations contained in CPLR 217. Petitioner contends that the four-month statute does not apply in that the list was far from “final” in July, 1980. Petitioner points out that female and minority candidates commenced litigation, in Federal court, challenging the establishment of the list. The respondents entered into several stipulations of settlement (the latest of which took place in Sept., 1981) under which respondents agreed to revise the lists and lower the “passing grade” for certain candidates. Although petitioner was neither a female nor a minority candidate, he pursued administrative remedies of his own before commencing this article 78 proceeding. He commenced a grievance proceeding pursuant to his union contract, which was dismissed, at the third step of the proceeding on the ground that the subject matter in question was not covered under the union contract. He then attempted to file a complaint with the Equal Employment Opportunity Commission (EEOC) but the EEOC refused to accept the complaint. In addition, he has filed a proceeding with the New York City Commission on Human Rights; as of the time of submission of these papers, the commission had not determined whether it had jurisdiction over the matter.
It is the general rule that a candidate aggrieved by the establishment of a civil service list must commence an article 78 proceeding within four months of the establishment of the eligible list. However, the determination is not final until the person seeking review has been clearly aggrieved by it.
In Matter of Martin v Ronan (44 NY2d 374) a “tentative” eligible list, based on the test results, was established, and each candidate was notified of his right to appeal. The court refused to apply the four-month limitation, holding that the determination was not final and binding where *390 the candidates reasonably expected that the list would be subject to administrative adjustments and revisions based upon the anticipated appeals.
In the instant case, respondents did not designate the list as “tentative”. However, where the respondents voluntarily altered their list pursuant to various settlements it appears that even the respondents did not consider the list to be “final”. Since petitioner diligently pursued administrative remedies and since the parties did not treat the list as final, it would be a harsh result to hold petitioner to the four-month limitation. The reasoning expressed in Martin v Ronan (supra) should be applied to the present case.
Where, as here, the petition alleges a continuing failure of the respondents to obey a mandate of the New York State Constitution, the four-month Statute of Limitations does not apply (cf. Matter of Cash v Bates, 301 NY 258, which also concerned NY Const, art V, § 6).
Accordingly, the cross motion to dismiss the petition is denied. The respondents are directed to serve an answer on the merits within 20 days from the date hereof. All parties are requested to submit further memoranda of law regarding the construction of section 6 of article V of the New York State Constitution. The balance of this proceeding shall be held in abeyance pending submission of the answer and the memoranda of law.