OPINION OF THE COURT

Per Curiam.

Final judgment entered February 9,1981 affirmed, with $25 costs.
In this holdover proceeding, petitioner is the administratrix of the estate of the deceased tenant (her father) and seeks eviction of the appellant, who entered into possession *587 of the subject apartment premises together with the decedent in 1965 and who lived with him continuously until his death in 1980. Throughout that period, the decedent was legally married to another (who survives him). The original lease and all subsequent renewals were taken solély in the name of the decedent; rent was billed to and paid by him alone until his death. Thereafter the appellant remained in possession and has been paying rent directly to the landlord, not a party to this action. The current lease terminates in September, 1982. Appellant defends the proceeding on the ground that she was the “cotenant” of the decedent entitled to continue in occupancy in her own right notwithstanding her paramour’s death.
On the threshold issue of jurisdiction, RPAPL 721 presents no bar to the maintenance of this summary proceeding by the administratrix. For purposes of estate administration, the leasehold passes to the personal representative (EPTL 13-1.1), and she is authorized to take possession of and manage the same (EPTL 11-1.1, subd [b], par [5], cl [A]). The estate is not acting in a representative capacity; it is the real party in interest here, having replaced the deceased as a party to the lease by operation of law (Schnee v Jonas Equities, 109 Misc 2d 221). Since the asset vests in the administratrix, she has the responsibility to conserve that asset for the benefit of the estate and may invoke all available remedies to that end — including, where appropriate, summary proceedings (Nasti v Verderosa, 73 Misc 2d 479).
As to the merits, we fail to appreciate how appellant’s status progressed beyond that of a mere licensee, the passage of time notwithstanding, or how her rights in the apartment are superior to that of the estate. The estate, as successor in interest to the decedent, is liable for the rent for the remainder of the demised term (see 2 Rasch, New York Landlord and Tenant [2d ed], § 1016). Appellant was never in a landlord-tenant relationship with the owner and could not be held for the balance of the term if she chose to vacate (Deickler v Abrams, 159 NYS2d 449, affd 4 AD2d 779). That she has voluntarily made payments to the owner since the decedent’s death is not dispositive as against the petitioner. Nor is there any evidence that *588 appellant and the decedent were tenants in common. There was no conveyance or disposition to the two of them, or any written agreement between them to occupy the premises as cotenants. There is no claim that the appellant contributed towards the rent for the subject apartment. While the surviving spouse of a deceased tenant may continue in possession (see, e.g., Rent and Eviction Regulations of City of New York, § 56, subd d), decedent and the appellant were not and could not be husband and wife in law. The decedent could have severed his relationship with the appellant at any time and asserted his right to sole possession of the apartment. An action may be maintained by a personal representative in all cases and in such manner as such action might have been maintained by the decedent (EPTL 11-3.1).
We have considered the arguments in the dissenting opinion which state that eviction would be a violation of the Human Rights Law (Executive Law, art 15). This issue was never raised below or on appeal. In our considered judgment, Hudson View Props, v Weiss (106 Misc 2d 251), relied upon by the dissent, is factually distinguishable from this case and the dissent’s reliance thereon creates an unjustifiable barrier to the rightful possession of these premises by the administratrix.