Asch, J.
(dissenting). I agree with the majority that there is no jurisdictional impediment to the institution of this proceeding by the petitioner in her capacity as administratrix. However, I disagree with the result reached.
The decedent and the appellant were not (and could not be) husband and wife in law. They lived as husband and wife in fact. The undisputed findings show that Ms. Carruth had an unbroken occupancy from 1965 to the present. Her relationship with the decedent was testified to not only by herself but by friends and Parker family members, many of whom thought the couple was actually married. The apartment application submitted by decedent Parker to the owner listed his spouse’s name as “Eleanore” (the first name of appellant). It stated that the apartment would be occupied by Mr. Sanford Parker and Mrs. Eleanore Parker. The appellant decorated and furnished the apartment, entertained guests, and occupied the premises *589 as her primary residence with decedent Parker in a relationship characterized as noted above as “one of husband and wife” until the decedent’s death in February, 1980.
The State Human Rights Law (Executive Law, art 15) proscribes discrimination in the sale, rental or leasing of housing accommodations on the basis of marital status (Executive Law, § 296, subd 5, par [a]). Section 300 of the law provides that “[t]he provisions of this article shall be construed liberally for the accomplishment of purposes thereof.” The City Human Rights Law (Administrative Code of City of New York, § Bl-7.0, subd 5, par [a]) which also proscribes discrimination in housing on the basis of marital status also contains section B1-11.0 which similarly provides for a “liberal” construction of that provision.
In Hudson View Props, v Weiss (106 Misc 2d 251, revd 109 Misc 2d 589, revd on dissenting opn and opn in Civil Ct, 86 AD2d 803), the dissent took the position that where discrimination takes place after the initial leasing, the proscriptions of section 296 of the Executive Law are fully operative. The dissent in Hudson View Props, was, of course, based on fairly narrow grounds, and did not deal with the problem presented here.
However, a husband (and by extension, his estate) may not resort to summary proceedings to evict his wife from jointly occupied property (Rosenstiel v Rosenstiel, 20 AD2d 71). To allow the estate of decedent to resort to summary proceedings in this case and evict decedent’s unmarried lover would appear to be discrimination based solely upon marital status and thus proscribed by the State Human Rights Law.
The public policy of this State is evidenced by the express command that the Human Rights Law is to be liberally construed. Such a liberal construction suggests a preservation of the status quo in this case, i.e., the continued right to occupancy by appellant.
Parenthetically, there has been no claim presented by the estate of decedent that the apartment is required for the personal use of the administratrix or any other distributee. There is no intimation of co-operative plan for the premises now or in the immediate future. The estate has *590 been content to permit appellant to pay the rent directly to the landlord since decedent’s death. It is undisputed that she has met and is continuing to meet that obligation. If appellant is evicted, the estate will either have to continue paying the rent or arrange a sublease for the remaining seven months of the lease which expires in September, 1982. Although no evidence was presented in point, the inference is inescapable that action has been taken against appellant precisely because she had been an unmarried female living with decedent rather than because the interests of the estate are jeopardized.
Bringing the summary proceeding in this situation clearly was in violation of the Human Rights Law of both the State and the City of New York and the public policy as set forth in those statutes.
Accordingly, I would reverse the final judgment entered February 9,1981 (Sparks, J.), and award possession of the subject premises to tenant appellant.
Dudley, P. J., and Tierney, J., concur in a Per Curiam opinion; Asch, J., dissents in a separate memorandum.