OPINION OF THE COURT
Ira B. Harkavy, J.
In keeping with the existing social realities of the 1980’s, the courts have increasingly addressed the issue of the rights of unmarried occupants of apartments who reside together. This case presents the novel issue of whether an occupant, whose name does not appear on the lease, may lawfully remain in the apartment he was sharing after the person named in the lease, who solely executed the lease, vacated the premises.
The facts are as follows: the respondents, although never married, lived together in various apartments at the subject premises 65-15 38th Avenue in Woodside, Queens, for 11 years. During said period the premises were oymed by four different landlords prior to petitioner having purchased the premises in December of 1980. There is uncontroverted testimony that respondents openly lived together as an unmarried couple with the full knowledge of most if not all of petitioner’s predecessors in interest.
Pursuant to a lease dated March 27, 1980, by and between petitioner’s immediate predecessor and the respondent Juana Lippman, she was named as the tenant of *927 apartment 6-V of the subject premises. The lease stated that only Ms. Lippman and her immediate family were to occupy the apartment. Although Juana Lippman was the named tenant, John Dee resided with her and made rent payments at various times during the rental period. Through a conversation with respondent John Dee, petitioner learned in August, 1982 that the premises were no longer occupied by Juana Lippman but that Mr. Dee continued to reside in the apartment. Mr. Dee was then requested in writing to vacate the premises. On August 19, 1982 both Juana Lippman and John Dee were served with notices to cure the violation of the lease, to wit, that John Dee remove from the premises and that the premises be occupied solely by Juana Lippman, pursuant to the terms of the lease. A notice terminating the tenancy was served upon respondents upon Mr. Dee’s failure to remove from the premises. Thereafter, petitioner commenced the instant action seeking a final judgment of possession on the grounds that John Dee’s occupancy violated the terms of the lease.
John Dee was the only respondent appearing for trial. The tenant named in the lease, Juana Lippman, neither answered nor appeared. John Dee testified that she was living in California.
The first issue for the court to address is whether the facts at bar come within the holding of Hudson View Props, v Weiss (86 AD2d 803). In reversing the Appellate Term (Hudson View Props. v Weiss, 109 Misc 2d 589), the Appellate Division, First Department, held in Hudson View (supra) that the lease clause restricting occupancy to persons in tenant’s immediate family, to the exclusion of a lover of the tenant was unenforceable as discrimination based op marital status and was in contravention of section 296 of the Executive Law (subd 5, par [a]). Petitioner argues that Hudson View (supra) is inapplicable to the instant case in that Hudson View (supra) involved a party who continued to reside with the named tenant. Petitioner urges that the controlling law in the instant circumstances would be Young v Carruth (113 Misc 2d 586, affd 89 AD2d 466). In Young v Carruth (supra) the named tenant, who was married to another but separated from his wife for *928 over 20 years, was no longer in possession of the premises due to his death. His estate brought the proceeding in order to obtain possession of the premises to settle the estate. The Appellate Term found that “the decedent could have severed his relationship with the appellant at any time and asserted his right to sole possession of the apartment.” (Young v Carruth, 113 Misc 2d, at p 588.)
The Appellate Division stated “This case involves a dispute between the estate of a decedent and the woman with whom he was living as husband and wife at the time of his death with respect to the apartment they both occupied. The legal considerations applicable are in some respects different from what they might be if the proceeding were brought by the landlord, or if decedent were alive and legally married to appellant.” (Young v Carruth, 89 AD2d, at pp 467-468.) Thus Young v Carruth is easily distinguished, for therein the respondent not only was not a named party to the lease, but she did not make any payments of rent to the landlord until after the death of the named tenant.
In addition, the party seeking possession of the premises was not the landlord, but rather the estate of the person responsible under the lease who wanted to marshal the estate assets, and liquidate same as required by the Estates, Powers and Trusts Law. It was conceded that the landlord could not have evicted Ms. Carruth.
In the instant case, there was uncontroverted testimony that the respondent John Dee had been making rent payments during the 11 years that the respondents resided together at the subject premises.
Petitioner argues that its acceptance of respondent John Dee’s rent check on several occasions does not constitute a waiver on the grounds that there is no waiver where another party pays rent on behalf of a tenant. To constitute a waiver the landlord must be accepting rent after knowledge of the breach (Rondat Inc. v Tumblin, NYLJ, July 10, 1981, p 4, col 3; Ilfin Co. v Gatto, NYLJ, Nov. 26, 1979, p 6, col 1).
The court accepts petitioner’s testimony that as soon as it ascertained that Ms. Lippman no longer resided in the subject premises, it moved swiftly to establish its rejection *929 of Mr. Dee’s tenancy by refusing to accept his rent checks and serving the notices to cure and termination and commencing the instant summary proceeding. Petitioner claims that the only tenancy involved is that created by a lease agreement dated March 27, 1980 for apartment 6-V. Petitioner is in effect contending that it is not bound by the waivers of its four predecessors in interest. This court recently held in Balram v Etheridge (113 Misc 2d 389) that the burdens and privileges of ownership run with the land and that a landlord’s successor in interest is bound by the terms of the lease and any privileges or deficiencies contained therein. The landlord herein is bound by the action of its predecessors who knew and accepted Mr. Dee as a co-occupant of Ms. Lippman’s apartment.
Attornment is not required when there is a transfer of landlord (see Real Property Law, § 248). Therefore the status of the tenants are automatically transferred with the transfer of the property. Any rights that have been earned by a tenant, such as waiver of a term of the lease, are acquired by petitioner along with the premises. The past history and relationship of landlord/owners to the tenants is not thrown out, to begin anew with each new landlord. The owner acquires the property with encumbrances, such as tenant leases and such rights as may have been bestowed by prior owners or their agents. Both parties, the landlord and the tenant, are estopped from denying this relationship as if an actual attornment or statement was made.
Respondent John Dee openly resided in the premises for 11 years prior to the commencement of this action. Although some of the rent checks drawn on Mr. Dee’s account issued by him may have been marked on behalf of Ms. Lippman, other checks drawn on Mr. Dee’s account were simply marked “Rent Apt. 6V”. The court finds this constitutes a waiver on the part of petitioner’s predecessors in interest and that the waiver is binding upon the petitioner. John Dee is a legal tenant in the apartment. It is not necessary for his name to appear on the lease for the landlord-tenant relationship to exist (Matter of Bunshaft, 207 App Div 884).
*930 Accordingly, judgment for respondent John Dee dismissing the petition.