**Daniel Starr TAMBOR et al.**

v.

**Robert MILLER et al.**

**No. 2000–231–Appeal.**

Supreme Court of Rhode Island.

Feb. 14, 2002.

Peter P. D'Amico, Providence.

G. Milne, Cranston.

## O R D E R

The issue in this case is whether a non-party to a written landlord-tenant lease agreement can be considered a tenant pursuant to chapter 18 of title 34, the Residential Landlord Tenant Act, where that person, although frequently staying at the leased premises, never has paid any rent or given a security deposit, and had no obligation ever to do so.

The defendants, Robert Miller (Robert) and Dora Miller (Dora) (collectively, the Millers), appeal from a Superior Court judgment in favor of the plaintiffs, Daniel Starr Tambor (Daniel) and Rani Johnson (Rani), in this action for wrongful eviction. The Millers contend that the trial justice erred in awarding damages, attorney's fees and part of the security deposit to Daniel's girlfriend, Rani, where she was not a party to the written lease agreement and had never paid them any rent or given them any security deposit.

The following facts appear to be undisputed. The Millers own a tenement building at 198 Angell Street, Providence containing four apartments. In August 1996, the Millers occupied the first-floor apartment and rented out the remaining apartments.[1] On August 28, 1996, Daniel and Dora signed a nine-month lease agreement in which Daniel agreed to rent one of the second-floor apartments until May 28, 1997. There were no other parties to the lease agreement and the lease made no provision for there to be other occupants in the apartment. By oral agreement, Daniel paid the monthly rent by check to Robert.

On May 6, 1997, Daniel entered into a second lease agreement with Dora for the period from June 1, 1997 to June 1, 1998. Because he was a student who was intending to return to his home in New York for the summer, Daniel paid the monthly rent of $600 in advance through the end of August 1997.

Meanwhile, over the course of Daniel's tenancy, Rani, who also was from New York and was a student at Brown University where she had dormitory accommodations, often stayed at his apartment and occasionally, when Daniel was not there, she would take out the Millers' garbage for collection. Rani never was a party to either of the Dora/Daniel leases, was not mentioned in either lease, and never paid any rent or security deposit to the Millers.

On August 31, 1997, at approximately midnight, Daniel and Rani returned from their respective summer vacations in New York. To their dismay, they discovered that the lock to Daniel's apartment door had been changed, that their belongings had been moved into a damp unkempt basement,[2] and that the apartment Daniel had rented now was occupied by the tenants who previously had lived in the other second-floor apartment.

Subsequently, in November 1997, both Daniel and Rani commenced a civil action for damages against the Millers in the

---

1. There are two apartments on the second floor and another on the third floor.

2. Rani had left some belongings at Daniel's apartment.

District Court claiming wrongful eviction from their apartment. Prior to trial in the District Court, the parties stipulated to a consent judgment for $5,000 in favor of the "plaintiff." The Millers promptly appealed to the Superior Court and claimed a trial by jury.

After trial in the Superior Court, the trial jury returned a verdict in favor of Daniel in the amount of $18,540 and for Rani in the amount of $3,720. They also were awarded counsel fees in the amount of $5,000. Together with interest, judgments entered for Daniel in the amount of $24,855.68 and for Rani in the amount of $6,985.60. The Miller's then filed a motion for a new trial. The trial justice entered a conditional order granting a new trial solely on the issue of damages unless Daniel and Rani agreed to a remittitur of $14,370 from Daniel's award and $1,095 from Rani's award. Both Daniel and Rani rejected the remittitur and an order was entered on July 30, 1999, granting the Millers a new trial on the issue of damages only.

The new trial on the issue of damages took place in December, 1999, before a trial justice sitting without a jury. Following trial, separate judgments were entered for plaintiffs in which Daniel was awarded $16,256.69 and Rani was awarded $8,253.98. Both judgments included damages, interest and attorney's fees. The Millers timely filed their appeal.

In their appeal, the Millers challenge the trial justice's finding that Rani was a tenant under the Residential Landlord and Tenant Act.

After a prebriefing conference, the parties were directed to appear and show cause why the issues raised in this appeal should not summarily be decided. They did appear. We have considered their legal arguments and memoranda and conclude that cause has not been shown.

Therefore, we proceed to summarily decide the appeal.

" 'It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings'." *Solas v. Emergency Hiring Council of the State*, 774 A.2d 820, 824 (R.I. 2001) (quoting *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I.1996)). " 'Moreover, when we examine an unambiguous statute, "there is no room for statutory construction and we must apply the statute as written." ' " *Id.* (quoting *State v. DiCicco*, 707 A.2d 251, 253 (R.I.1998)).

Section 34–18–11(17) of the Rhode Island General laws defines a tenant as "a person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others[.]" The statute defines a rental agreement as "all agreements, written or oral * * * embodying the terms and conditions concerning the use and occupancy of a dwelling unit and premises, and also includes any terms required by law[.]" G.L.1956 § 34–18–11(14). " 'Rent' means the payment or consideration that a tenant pays to a landlord for the use of the premises, whether money, services, property, or produce of the land[.]" § 34–18–11(13).

There is no evidence in the record to demonstrate that there ever was any rental agreement, written or oral, between the Millers and Rani. The mere fact that Rani occasionally brought the Miller's garbage out for collection, without more, is insufficient even to imply that any such agreement ever existed. *Cf. Rafolin Construction Co. v. Lippman*, 116 Misc.2d 926, 457 N.Y.S.2d 712 (N.Y.City.Civ.Ct.1982) (holding that a tenant's roommate was a legal tenant where that roommate had openly

occupied the premises for eleven years and where the landlord had accepted rental checks from him.) Consequently, because Rani never was a party to any rental agreement with the Millers, she was not their tenant and was not entitled to receive damages, attorney's fees or any portion of the security deposit under the Residential Landlord Tenant Act.

We note here that the security deposit given by Daniel was $400. In accordance with G.L.1956 § 34–18–19(c), the trial justice properly determined that the Millers were liable for twice that amount, namely $800. However, instead of rightfully awarding the whole amount only to Daniel, for some inexplicable reason, the trial justice divided it into two equal sums and awarded those separate sums to Rani and Daniel. In addition, the trial justice equally divided the $6,200 award for attorney's fees between both Rani and Daniel. This was error. In this wrongful eviction action, Rani was not entitled to receive any damages, security deposit or attorney's fees. Instead, Daniel should have been awarded the entire security deposit and whatever portion of the original attorney's fees award that was attributable solely to counsel's representation of him.

For the foregoing reasons, the Millers' appeal is sustained in part and denied in part. The judgment in favor of Daniel is affirmed and the Millers' appeal therefrom is denied and dismissed. The judgment in favor of Rani is reversed and vacated. The papers in this case are ordered returned to the Superior Court for determination of the actual attorney's fees only for Daniel's representation and, thereafter, an amended final judgment reflecting his

1. The hearing dates in this case span over one and a half years. Hearings were held on

damages, interest and attorney's fees shall be entered.