■ MICHAEL KINDEL, on Behalf of Himself and All Other Owners of Condominium Apartment Home Units at Windbrooke Homes Condominium Similarly Situated, Respondent, v KAUFMAN AND BROAD HOMES OF LONG ISLAND, INC., Appellant.—In an action to recover damages for fraud and breach of contract, commenced by plaintiff on behalf of himself and all others similarly situated, the defendant appeals from so much of an order of the Supreme Court, Suffolk County, entered May 12, 1978, as certified part of the cause of action for breach of contract as a class action and "permitted the owners of condominium units having exterior walls of masonry construction on the date the action was commenced, who originally purchased their units from the defendant, to maintain such breach of contract claim as a class action." Order affirmed insofar as appealed from, with $50 costs and disbursements. Plaintiff is the owner and original purchaser of a unit in a condominium constructed and sold by the defendant. The complaint, which purports to state the claims as a class action, alleges causes of action in fraud and breach of contract in that the defendant, *inter alia,* failed to provide the insulation in the first floor exterior masonry walls which it represented it would supply in its offering plan, the terms of which were incorporated by reference in the purchase agreement. The answer expressly admits that no insulation was placed in the first floor exterior masonry walls, but asserts that the construction was in accordance with the building plans filed with the Town of Islip (copies of which were available for inspection at the defendant's sales office), as was also represented in the offering plan and purchase agreement. Special Term denied class action status to the first cause of action (for fraud) on the ground that "Reliance is an essential element of liability for establishing fraud", but certified the second cause of action (for breach of contract) as a class action subject to certain limitations. On its appeal, the defendant argues that since reliance is also an essential element of the second cause of action, class action status should be denied to that cause of action as well. The defendant's numerous citations are inapposite on their facts. Under the circumstances of this record, reliance may be presumed (see *Strauss v Long Is. Sports,* 60 AD2d 501, 508). However, there is no issue before us with respect to the first cause of action (for fraud) since the plaintiff has not appealed. We note that the defendant has sought to reach the merits of the plaintiff's causes of action both at Special Term and before this court. As the Supreme Court of the United States has stated, in determining the propriety of a class action, "a preliminary determination of the merits may result in substantial prejudice to defendant, since of necessity it is not accompanied by the traditional rules and procedures applicable to civil trials. The court's tentative findings,

made in the absence of established safeguards, may color the subsequent proceedings and place an unfair burden on the defendant" *(Eisen v Carlisle & Jacquelin,* 417 US 156, 178). Accordingly, we do not reach the merits. The offering plan provides, under the caption OBLIGATIONS OF THE SPONSOR: "All obligations pertaining to the common elements shall be enforceable only by the Board of Managers on behalf of the Home Owners and not by the individual Home Owners." The term "common elements" is defined in the offering plan as "including the exterior and party walls". The board of managers declined to intervene in the action. In awarding class action certification, Special Term expressly stated that it "makes no determination with respect to 'common elements' as such relate to the spaces wherein insulation is required." The defendant contends that, under the offering plan, a representative action to enforce an obligation to provide insulation in exterior masonry walls may be maintained only by the board of managers and that since the board "has refused to institute a representative suit, plaintiff's sole remedy is to maintain an action in his own behalf * * * The Court need not reach the question of whether *any* suits by individual home owners with regard to the common elements are intended to be proscribed by the Offering Plan" (emphasis in original). We disagree. We do not interpret this provision as barring representative actions by individual homeowners to enforce obligations pertaining to the common elements. The defendant further contends that the plaintiff must establish that he has "standing or capacity to bring suit as an individual plaintiff before the availability of a class action is considered." While it is well settled that a representative action cannot be maintained unless it appears from proper allegations in the complaint that the plaintiff has a cause of action *(Rapp v Dime Sav. Bank of N. Y.,* 64 AD2d 964), there is no contention here that the complaint fails to state a cause of action and the case on which defendant relies *(Weiner v Bank of King of Prussia,* 358 F Supp 684) is inapposite. In affirming, we do not reach the issue which the defendant terms "the threshold substantive question of whether an individual home owner can bring this action [i.e., an action solely on his own behalf] in the first instance", partly because the defendant has stated to this court that we need not reach this question. Damiani, J. P., Titone, Shapiro and Margett, JJ., concur.