OPINION OF THE COURT

Per Curiam.

Final judgment entered April 28, 1981 reversed, with $30 costs, and final judgment directed in favor of tenant dismissing the petition.
This holdover proceeding was submitted on stipulated facts. Appellant Frederick Chin is a rent-stabilized tenant having entered into possession of his apartment premises in August, 1976 under a printed lease which contained a standard clause limiting occupancy “to the tenant and immediate family of tenant and to no others”. This clause was continued in subsequent renewals and extension agreements. In or about June, 1980, an unrelated male, Bruce Harlow, commenced residing in the premises with Chin, without the prior consent of the petitioner. Chin affirms that he and Harlow “constitute a family”, and that they “maintain a close and loving personal relationship at *196 the premises in question and that they intend to continue said relationship permanently for the rest of their lives”. Landlord’s notice to cure, served December 17, 1980, asserted that tenant had violated a substantial obligation of the tenancy by permitting persons other than immediate family members to occupy the apartment. The Housing Court granted a final judgment of possession to the petitioner on account of tenant’s breach of the “immediate family” clause.
The law in this department, set down subsequent to the decision below, is that an “immediate family” clause may not be invoked as a predicate for eviction if its application will result in unlawful discrimination (Hudson View Props, v Weiss, 86 AD2d 803, revg 109 Misc 2d 589, for the reasons stated by Asch, J., dissenting at Appellate Term and Wilk, J., at Civil Ct; Executive Law, § 296, subd 5, par [a]). Inasmuch as the circumstances here involve cohabitation by two adult males, a case of discrimination on the basis of marital status cannot be made; indeed, any discrimination practiced against tenant could only fairly be characterized as discrimination based upon sexual or affectional preference, a status not protected under the Executive Law.
Apart from considerations of the Executive Law, however, dismissal of the petition is warranted on other, more basic grounds. A determination of what constitutes a violation of a “substantial” obligation of a tenancy is to be made “with reference to the peculiar legal and factual setting in which it occurs” (Matter of Park East Land Corp. v Finkelstein, 299 NY 70, 74). Judicial notice can be taken that the vacancy rate for rental apartments in this city is virtually nonexistent. Persons are sharing apartments in increasing numbers due to both economic necessity and changing social mores. As has been recently stated in a related context, “The ‘nuclear family’ arrangement is no longer the only mode of family life in America. The realities of present day urban life allow many different types of nontraditional families.” (Matter of Adult Anonymous II, 88 AD2d 30, 35.) In the housing field, these are not ordinary times and “strict adherence to technical concepts of landlord and tenant law” which might have justified eviction in the past *197 is now to be avoided (Matter of Park East Land Corp. v Finkelstein, supra, p 75). It is simply no longer feasible or desirable to mechanically impose eviction for breach of the “immediate family” clause, nor do we think it productive to spend judicial time conjuring up artificial distinctions among various types of sexual, fraternal, and economic relationships. Absent a showing of demonstrable prejudice to the landlord, violation of the legal occupancy laws, or waste to the property, this petition is dismissed.