OPINION OF THE COURT
Leah Marks, J.
This is an application by one adult male for the adoption of another adult male. At a hearing on October 13, 1982, the parties presented many reasons for the adoption in addition to maintaining that an adoption of an adult by another adult is permissible so long as the purpose is neither insincere nor fraudulent. A probation investigation concerning the adoption was completed on November 9, 1982, and was favorable to the parties who are living in a homosexual relationship.
A. THE FACTS
The prospective adoptive parent is a 57-year-old male, and the prospective adoptee is a 50-year-old male. They have lived together in a close business and personal relationship for 25 years, and their reasons for the adoption divide into the following pattern:
(1) The prospective adoptive parent wishes to prevent his family from interfering in the distribution of his estate.
(2) The parties wish to fully protect their work product which has been growing and represents a body of art work that should neither be separated nor destroyed.
(3) The parties wish to continue residing in their present apartment without interference.
*280 (4) The parties wish to have the psychological and personal satisfaction that would result from a legal status for their relationship.
The court’s findings regarding these reasons are:
(1) The Estate
Although the parties seem to have little faith that a will can protect them from an estate battle by the adoptive parent’s mother and siblings after the adoptive father’s death, the accuracy of that belief is not necessarily for the court to decide.
The extent to which an adoption may affect wills already in existence is not a matter easily investigated in an adoption proceeding. The prospective father denies the adoption is intended to affect the transfer of anyone else’s estate including that of his mother who is in her 80’s. Present procedures devoted to prospective adoptive relationships are devised to investigate the personal interests of the child rather than inheritance factors affecting others.
However, whatever the true results of this adoption on any estates now in existence or to be created in the future, the evasion of existing inheritance laws is a main purpose of this adoption.
(2) Protection of Their Work Product
The parties have never negotiated partnership agreements, incorporated, or developed any other business contract to give special protection to their business relationship or their work product.
This adoption is suggested as a substitute for action open to all under our business laws. If such a procedure is approved, the court encourages partners in a business who might otherwise negotiate contracts or establish corporations to fulfill their business needs to come to court and take part in an adoption proceeding. That this system of solving business problems avoids all the legal fees that might result from extensive business negotiations is surely a point of view to be considered by all those adults already requesting adoptions or encouraged by approval of this one to request adoptions in the future.
*281 (3) Problems of Legal Residence
On advice of counsel, the parties failed to reply to a written request for information concerning the persons residing in their apartment although it was known that the request itself was not limited to the residents in this proceeding who have lived in the same apartment for 25 years.
Even if difficulties arose in regard to continuing their residence, it should be noted that 420 East 80th Co. v Chin (115 Misc 2d 195), decided by the Supreme Court, Appellate Term, First Department, on August 10, 1982, determined two unrelated males could not be evicted on the grounds the lease limited occupancy to the “immediáte family of tenant and to no others”.
In this case, no difficulties with the landlord were shown to have arisen at the time of the hearing.
(4) The Parties’ Desire for the Satisfaction of a Legal Status
The Legislature and the Appellate Division have granted such an adoption where a parent-child relationship exists even though each participant is an adult. The Legislature has not granted homosexuals the right to marry, a right that would seem more suitable to the circumstances of these parties.
Parties to a marriage can be divorced if a mistake is made. Parties to an adoption cannot revoke their actions; all results are permanent because this is the establishment of a parent-child relationship with the ongoing responsibilities and rights.
Adoption is not merely to satisfy the desires of the parties, but the establishment of a special relationship. B. THE LAW
Matter of Adult Anonymous II (88 AD2d 30), did discuss at length an adoption where each party was a homosexual male. The parties to this case suggest the decision prevents this court’s closely investigating the reasons for this adoption, and many articles have interpreted that decision to require the approval of any adoption by one adult of another whatever the sex of the parties, and whatever the purposes or the results of the adoption.
*282 Such an interpretation, which has led many adults to this court in search of an adoption, does not follow from that decision. Such a result would require legislation amending the second paragraph of section 110 of the Domestic Relations Law which states: “Adoption is the legal proceeding whereby a person takes another person into the relation of child and thereby acquires the rights and incurs the responsibilities of parent in respect of such other person.”
The Appellate Division in Matter of Adult Anonymous II (88 AD2d 30, supra) discussed the relationships of the two men involved at length and described the adoptive 'father as having acted for years in a parental role whatever their ages might have been and whatever their sexual preferences. The Appellate Division did not say that the adoption process was properly utilized to formalize homosexual activities in a legal bond, but upheld that particular homosexual adoption as a legal proceeding whereby one person took the other into the relation of a child and acquired the rights and responsibilities of a parent.
In discussing that adoption, the Appellate Division indicated that the parties’ belief that they could not legally occupy the apartment together was “not a frivolous consideration” (Matter of Adult Anonymous II, supra, p 32). In addition, the court discussed at length the fact that the adoptive father was not trying “to affect his legal relationship with his parents”.
This case is different. The State has established reasonable inheritance and business laws under a system of law protective of all who may be directly or indirectly affected by the actions of the parties. Adoption is not intended to replace them especially where no showing of a parent-child relationship exists.
C. THE DECISION
After considering all the evidence and the law, the court concludes that there is no reason to permit an adoption in this case and reason to deny it based upon both intent to evade other laws and the absence of a parent-child relationship.
*283 The parties herein do not even pretend to have a parent-child relationship no matter how liberal one’s definition of that term. They do not ask that such a relationship be established but that adoption be utilized in place of marriage, will and business contracts. That is not now the law of the State, nor has it yet been clearly declared the law of the State by any appellate court.