OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, the landlord’s petition reinstated and the case remitted to Civil Court, City of New York, for further proceedings.
Petitioner landlord, in this holdover proceeding, seeks to evict respondent tenant from a rent-controlled apartment on the ground that tenant violated a substantial obligation of her tenancy by allowing a person not a tenant and not part of her “immediate family” to occupy the apartment with her.
*735 Tenant contends that the landlord in seeking to enforce the restrictive covenant in the lease limiting occupancy to the tenant and members of tenant’s immediate family discriminates against her on the basis of marital status in violation of the State Human Rights Law (Executive Law, § 296, subd 5, par [a]) and the New York City Human Rights Law (Administrative Code of City of New York, § Bl-7.0, subd 5, par [a]).
We have recently addressed an analogous question: whether an employer’s antinepotism rule which forbids an employee from working under the supervision of a relative (including a spouse) violates section 296 of the Executive Law by discriminating on the basis of marital status. (Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd., 51 NY2d 506.) In that case, we held there was no statutory violation inasmuch as the disqualification of the employee under the company policy was not for being married (i.e., on the basis of her marital status), but for being married to her supervisor (i.e., on the basis of her relationship vis-á-vis a particular individual).
In this case, the issue arises not because the tenant is unmarried, but because the lease restricts occupancy of her apartment, as are all apartments in the building, to the tenant and the tenant’s immediate family. Tenant admits that an individual not part of her immediate family currently occupies the apartment as his primary residence. Whether or not he could by marriage or otherwise become a part of her immediate family is not an issue. The landlord reserved the right by virtue of the covenant in the lease to restrict the occupants and the tenant agreed to this restriction. Were the additional tenant a female unrelated to the tenant, the lease would be violated without reference to marriage. The fact that the additional tenant here involved is a man with whom the tenant has a loving relationship is simply irrelevant. The applicability of that restriction does not depend on her marital status.
Thus, we conclude that the landlord in this holdover proceeding has not discriminated against the tenant in violation of the State or city Human Rights Law.
*736 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur in memorandum; Judge Fuchsberg taking no part.
Order reversed, etc.