[appeal No. 1], 97 AD2d 977). We reject plaintiffs' argument that the pleadings, including the responses to the interrogatories, are sufficient to raise triable questions of fact concerning damages arising from reliance on representations made by defendants after June 19, 1980 (the effective date of General Business Law, § 349, subd [h]; § 350-l, subd 3). (Appeal from order of Supreme Court, Monroe County, Siracuse, J. — dismiss causes of action.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ CINDY ESTRUCH et al., and All Others Similarly Situated, Appellants, v VOLKSWAGENWERK, AG., et al., Respondents. (Appeal No. 3.) — Order unanimously affirmed, without costs. Memorandum: Inasmuch as the individual claims for damages under subdivision (h) of section 349 and subdivision 3 of section 350-d of the General Business Law have been found to be without merit plaintiffs may not, as representatives, maintain a class action based on those sections (see CPLR 901, subd a, par 3; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C901:4; *Kindel v Kaufman & Broad Homes,* 67 AD2d 938; *Rapp v Dime Sav. Bank,* 64 AD2d 964, affd 48 NY2d 658); thus, the class causes of action were properly dismissed. (Appeal from order of Supreme Court, Monroe County, Siracuse, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ CINDY ESTRUCH et al., and All Others Similarly Situated, Respondents, v VOLKSWAGENWERK, AG., et al., Appellants. (Appeal No. 4.) — Order unanimously affirmed, without costs (see mem in *Burns v Volkswagen of Amer.* [appeal No. 4], 97 AD2d 977). (Appeal from order of Supreme Court, Monroe County, Smith, J. — amend complaint.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ In the Matter of BASIL TZETZO, Respondent, v COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Appellant. — Judgment unanimously reversed, without costs, and matter remitted to respondent commissioner, for a hearing, in accordance with the following memorandum: Special Term erred in permanently enjoining the State Commissioner of Motor Vehicles from holding a hearing to investigate petitioner's alleged refusal to submit to a chemical test for the purpose of determining the alcohol content of his blood (*Matter of Geary v Commissioner of Motor Vehicles,* 92 AD2d 38, affd 59 NY2d 950). The delay in scheduling the hearing was not unreasonable, particularly in view of the fact that much of the delay was occasioned by requests for adjournments from petitioner's counsel. There is no prejudice to petitioner because he has retained his license since the time of his arrest. However, since no hearing was held, we are unable to treat this proceeding as though it were originally transferred pursuant to CPLR 7803 (subd 4) and 7804 (subd [g]) and we remit to the State Commissioner of Motor Vehicles for a hearing pursuant to section 1194 (subd 3, par a) of the Vehicle and Traffic Law. (Appeal from judgment of Supreme Court, Erie County, Wolf, J. — art 78.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of MARY A. SCHEEL, Respondent, v CITY OF SYRACUSE, Appellant. — Order unanimously affirmed, with costs. Memorandum: Since defendant was served with a notice of claim for personal injuries, no additional notice of claim for wrongful death was required (*Holmes v City of New York,* 269 App Div 95, affd 295 NY 615). Therefore, we see no abuse of discretion in Special Term's order granting plaintiff leave to amend the notice of claim (pursuant to General Municipal Law, § 50-e, subd 6) to add a claim for wrongful death (see, also, *Collins v City of New York,* 55 NY2d 646). (Appeal from order of Supreme Court, Onondaga County, McLaughlin, J. — amend