OPINION OF THE COURT
David B. Saxe, J.
These respective applications for accelerated relief present this issue: May a live-in lover of a deceased tenant who was a tenant of record of the disputed rent-controlled apartment become entitled to rights of continued occupancy after the death of the tenant of record, in view of the recent case decision of Hudson View Props, v Weiss (59 NY2d 733), and an even more recent statutory enactment (see L 1983, ch 403 [Omnibus Housing Act of 1983], § 39)?
The essential facts appear to be these: The tenant of record, Zoltan Udvardy (tenant) and the respondent, Ms. Daniels, resided together for a period of time in excess of 25 years prior to his death in 1983, at the age of 89. The tenant and Ms. Daniels were never lawfully married to one another. The tenancy of Zoltán Udvardy, the tenant, was protected by the New York Local Emergency Rent Control Act (the Rent Control Law).
Ms. Daniels claims that during the time that they were living together, she considered herself to be his wife. She states in her affidavit as follows: “As evidence of my relationship with the tenant, not only did I share his bed, but I cooked, cleaned, did the household chores and went *934 shopping for our food and daily essentials. If he felt ill, I was there to take care of him. I was named as the sole surviving beneficiary in his bank accounts. He assisted me in becoming a naturalized citizen, paying my legal fees and expenses. He assumed all financial responsibility for my care as if he was my husband.”
All this may be true but the fact remains that Mr. Udvardy never married Ms. Daniels. And, in Hudson View Props, v Weiss (supra), the Court of Appeals held that an immediate family clause restricting occupancy to the tenant and his immediate family was valid and enforceable. Thereafter, in a reaction to the Hudson View decision, the Legislature in section 39 of the Omnibus Housing Act of 1983 attempted to balance the rights of landlords and the needs of tenants, enacting the new section 235-f of the Real Property Law, which provides, in part, that:
“1. As used in this section, the terms:
“(a) ‘Tenant’ means a person occupying or entitled to occupy a residential rental premises who is either a party to the lease or rental agreement for such premises or is a statutory tenant pursuant to the emergency housing rent control law or the city rent and rehabilitation law. or article seven-c of the multiple dwelling law.
“(b) ‘Occupant means a person, other than a tenant or a member of a tenant’s immediate family, occupying a premises with the consent of the tenant or tenants * * *
“3. Any lease or rental agreement for residential premises entered into by one tenant shall be construed to permit occupancy by the tenant, immediate family of the tenant, one additional occupant, and dependent children of the occupant * * *
“6. No occupant nor occupant’s dependent child shall, without express written permission of the landlord, acquire any right to continued occupancy in the event that the tenant vacates the premises or acquire any other rights of tenancy” (emphasis added).
Therefore, section 235-f permits a tenant the right to add an additional occupant to his household, but makes it clear that the additional occupant acquires no right to remain once the tenant vacates. Since Udvardy vacated by reason *935 of his death, the respondent did not “acquire any rights to the continued occupancy” of the apartment. (See, also, L.V. Realty Co. v Desommosy, 119 Misc 2d 213.)
The respondent relies heavily on an interesting and provocative article by acting State Supreme Court Justice Richard Lee Price entitled The New Morality and Landlord-Tenant Law (55 NY St Bar J [Oct., 1983] 33-41). At one point, the author states: “The law fails to contemplate the situation where the co-tenant is, realistically if not legally, a member of the tenant’s family, and should be entitled to the same sort of legal protection as his or her ‘official’ counterparts” (id., p 41) and “I submit that in making an ‘immediate family’ determination the court must look to the intention of the parties to establish a serious and long-term relationship, demonstrated by attempts to undertake financial and/or emotional responsibility for one another, and, in certain instances, by proof that the relationship has been attended by ‘constant cohabitation for an extended period of time’.” (Id., p 37.)
The article, however, is not binding on this court and in a postscript, the author even concurs with the petitioner’s position that under the law, the respondent has no rights to the apartment.
Therefore, it is clear that Ms. Daniels, the respondent, has no right to remain in the apartment. Hudson View (supra) does not offer her any assistance; neither does the Omnibus Housing Act of 1983.
There being no factual demonstration sufficient to require a trial, summary judgment is mandated. (See Zuckerman v City of New York, 49 NY2d 557; Di Sabato v Soffes, 9 AD2d 297.)
Finally, there is no merit in the respondent’s assertion that the landlord waived its right to evict her. (Le Tam Realty Corp. v Hand, NYLJ, July 16, 1980, p 10, col 2 [App Term, 1st Dept]; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395.)
The petition here clearly states a cause of action (RPAPL 713, subd 7). A landlord may commence a proceeding to recover possession from a licensee when the licensee is no longer entitled to possession of the property. Udvardy, the licensor, by his death, is no longer entitled to possession.
*936 Based on the previous analysis, the respondent’s motion pursuant to CPLR 3211 (subd [a], par 7) is denied and the petitioner’s motion for summary judgment pursuant to CPLR 3212 is granted.
This decision shall constitute the order of this court.
The clerk is directed to prepare and enter a judgment in accordance with the above. A warrant of eviction shall be issued forthwith but its enforcement shall be stayed through and including February 28, 1984, to enable the tenant to find suitable substitute quarters. The stay is conditioned upon the payment by the respondent tenant of all arrears in rent and use and occupancy to the landlord within five days of service of a copy of this order upon the tenant with notice of entry thereon. If not paid, then upon affidavit by the landlord’s counsel, the enforcement of the warrant shall be accelerated. Additionally, the respondent shall pay use and occupancy for December, 1983, January, 1984, and February, 1984 at the prevailing rental rate to the landlord by December 10,1983, January 10,1984, and February 10, 1984, respectively. If not paid by that date then, similarly, upon affidavit by the landlord’s counsel the enforcement of the warrant shall be accelerated. After the initial 72-hour notice, there shall be no need for any further notices in this regard. Nor should Ms. Daniels expect to obtain any further stays beyond February 28, 1984, since no further applications will be entertained in this regard. If any are made, they shall be referred to the undersigned.