OPINION OF THE COURT
Allan L. Winick, J.
Motion by defendant Uniondale Union Free School District No. 15 (the school district) to dismiss the complaint is granted pursuant to CPLR 3211 (a) (7).
This action was commenced by plaintiff on January 14, 1997 to recover compensatory and punitive damages predicated on defendant’s denial of health insurance benefits to his domestic partner which plaintiff claims is discriminatory on the basis of marital status and sexual orientation and violative of section 296 (1) (a) of the Executive Law (Human Rights Law) and the New York City Human Rights Law, Administrative Code of the City of New York, title 8, chapters 1-7. Plaintiff also seeks judgment directing defendant to provide health insurance to domestic partners of unmarried school district employees and retirees.
In or about February 1995, defendant school district was notified by the New York State Department of Civil Service that participating agencies could elect to extend health care coverage to. domestic partners of State employees and retirees. According to the memorandum, a domestic partnership is defined as "one in which both partners are 18 years of age or older, unmarried and not related by marriage or blood in a way that would bar marriage, residing together, involved in a committed (lifetime) rather than casual relationship, and mutually interdependent financially. The partners must be each other’s sole domestic partner and must have domestic partnership for a period of not less than six (6) months.”
The defendant school district opted not to extend such coverage. Under the coverage presently in effect, the defendant is not required to provide health insurance coverage for anyone *965 who is not a dependent of an employee or retiree. A' dependent is defined in the Manual for Participating Subdivisions (New York State Government Employees’ Health Insurance Program) as a spouse, unmarried child under 19 years of age, an unmarried child 19 years or older who is incapable of self-support, or an unmarried child 19 years of age or older but under age 25 who is a full-time student. When, in February 1995, plaintiff requested domestic partner coverage for his same-sex partner, Bradley Davis, the defendant school district refused the request and this litigation ensued.
Defendant seeks dismissal of the complaint predicated on plaintiff’s failure to file a timely notice of claim, failure to state a cause of action and on the grounds that there is currently another action pending between the parties. Specifically, the defendant school district contends that title 8 of the Administrative Code has no application to a Nassau County school district and the claim for marital status discrimination is not encompassed within the protections of New York State Human Rights Law.
With respect to the notice of claim basis for dismissal, the court refers to its prior finding that it was not necessary for plaintiff to have served a notice of claim in connection with this action under Lane-Weber v Plainedge Union Free School Dist. (213 AD2d 515, 516, lv dismissed 87 NY2d 968). As pointed out by the Court of Appeals in Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney (89 NY2d 395, 400): "In determining the applicability of the three-month notice of claim requirement of Education Law § 3813 (1) to statutory or nonjudicial proceedings involving school districts, school boards and boards of cooperative educational services, as well as parallel notice of claim requirements when such proceedings involve other municipal units of government, our Court has distinguished between proceedings 'which on the one hand seek only enforcement of private rights and duties and those on the other in which it is sought to vindicate a public interest; the provisions of subdivision 1 of section 3813 are applicable as to the former but not as to the latter’ (Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd., 35 NY2d 371, 380, rearg denied 36 NY2d 807).”
Inasmuch as the instant action seeks relief which would benefit the complainant and other teachers similarly situated, it falls within the parameters of vindication of a public interest as. delineated in Cayuga-Onondaga Bd. (supra) for which statutory notice of claim requirements are inapposite. (See also, Doyle v Board of Educ., 230 AD2d 820.)
*966 In an attempt to obviate the jurisdictional issues raised by the defendant in its motion to dismiss the prior action brought for the same relief under index number 36121/95, plaintiff purchased a new index number and commenced this action thereby effectively abandoning the original action. Inasmuch as the defendant sought dismissal of the original action based, inter alia, on a jurisdictional defect, it cannot now be heard to complain that the pendency of that obviously abandoned action requires dismissal of the instant action.
Even viewing the allegations of the complaint as true as the court must on a motion to dismiss under CPLR 3211 (a) (7) (Rotanelli v Madden, 172 AD2d 815, 816, lv denied 79 NY2d 754), the complaint must be dismissed for failure to set forth a cognizable claim under either the New York City or New York State Human Rights Law. There is no authority provided in plaintiff’s papers to support the somewhat novel theory that the actions of the defendant school district, an agent of New York State, located in Nassau County, New York, come within the purview of the prohibitions of the New York City Human Rights Law against discrimination on the basis of sexual orientation or marital status.
The fact that the defendant school district opted not to extend health insurance coverage to the domestic partner of a school district retiree does not constitute discrimination on the basis of marital status in violation of section 296 (1) (a) of the Executive Law which in 1995 read as follows:
"1. It shall be an unlawful discriminatory practice:
"(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.”
Executive Law § 296 protects an individual from discrimination because of his/her status of being married or unmarried. It does not protect someone living in a long-term domestic partnership relationship. The decision of the Court of Appeals in Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd. (51 NY2d 506, 512) is instructive with respect to the meaning of the term "marital status” as used in this statute. Judge Fuchsberg wrote as follows:
"The memorandum attached to the bill as it was passed by the Legislature * * * informs us that its purpose 'is to extend *967 the jurisdiction of the New York State Division of Human Rights to complaints of discrimination resulting * * * from the status of divorced, separated, widowed or single persons, or from other status related to marriage’ (NY Legis Ann, 1975, p 65) * * *
"[T]he statute in effect says that employers may no longer decide whether to hire, fire, or promote someone because he or she is single, married, divorced, separated or the like.” (Supra, at 512.)
Given the holding of Pizza Hut, the decision of the Honorable Karla Moskowitz in Gay Teachers Assn. v Board of Educ. (NYLJ, Aug 23, 1991, at 22, col 3, affd 183 AD2d 478), which involves the conduct of a school district within the City of New York, is not controlling under the facts at bar.
In the instant case, the defendant’s health insurance plan holds all active employees and retirees to the same standard insofar as dependent coverage is concerned. The standard applies whether someone is single, married, separated or divorced. Under the rationale of Pizza Hut (supra) and Hudson View Props. v Weiss (59 NY2d 733), there was no statutory violation in defendant school district’s opting not to extend health insurance benefits to plaintiff’s domestic partner. Plaintiff’s reliance on decisions of the California appellate court and the Circuit Court of the State of Oregon are unavailing as they provide no persuasive authority which this court is required to follow.
Inasmuch as plaintiff’s individual claims under the New York City and New York State Human Rights Law are without merit, there is no basis to maintain a class action based on those claims. (CPLR 901; Estruch v Volkswagenwerk, AG., 97 AD2d 978, lv dismissed 61 NY2d 604.)
Accordingly, plaintiff’s motion to dismiss the complaint is granted pursuant to CPLR 3211 (a) (7).