■ DUKE L. FUNDERBURKE, Appellant-Respondent, v UNIONDALE UNION FREE SCHOOL DISTRICT No. 15, Respondent-Appellant. [676 NYS2d 199] —In an employment discrimination

action pursuant to, *inter alia,* Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated May 21, 1997, which granted that branch of the defendant's motion which was to dismiss the complaint for failure to state a cause of action. The defendant cross-appeals from so much of the same order as denied its motion to dismiss the action based on the plaintiff's failure to file a timely notice of claim pursuant to Education Law § 3813.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the defendant is not aggrieved by the order (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs payable by the plaintiff.

Until 1995, the regulations of the New York State Insurance Department prohibited school districts from providing coverage to domestic partners. However, in February 1995 those regulations were amended to allow school districts to provide domestic partnership coverage. The regulations defined a "domestic partnership" as one in which "[B]oth partners are: 18 years of age or older; unmarried and not related by marriage or blood in a way that would bar marriage; residing together: involved in a committed (lifetime) rather than casual relationship, and mutually interdependent financially. The partners must be each other's sole domestic partner and must have been involved in the domestic partnership for a period of not less than six (6) months" (Mem of Commissioner of State of NY Dept of Civil Serv, Jan. 27, 1995). There is no dispute that the plaintiff, a retired school teacher, and his domestic partner, meet these requirements. However, when the plaintiff requested coverage for his domestic partner, the defendant school district refused to provide benefits. The plaintiff thereafter commenced the instant action claiming that the defendant's policy violated, *inter alia,* the New York State Human Rights Law (Executive Law art 15), and it should be compelled to provide health insurance benefits for domestic partners. The Supreme Court dismissed the complaint for failure to state a cause of action. We affirm.

Executive Law § 296 (1) (a) provides that it shall be unlawful to discriminate on the basis of, *inter alia*, marital status in compensation or in terms, conditions, or privileges of employment. We do not find that a domestic partnership is a "marital status" within the meaning of Executive Law § 296 (*see, Manhattan Pizza Hut v New York State Human Rights Appeal*

*Bd.,* 51 NY2d 506, 512). Moreover, the dependent benefit coverage available to the plaintiff as an unmarried retiree is the same as that available to married employees and retirees (*see, Hudson View Props. v Weiss,* 59 NY2d 733).

The plaintiff's remaining contentions are unpreserved for appellate review or without merit. Miller, J. P., Thompson, Joy and McGinity, JJ., concur. *[See,* 172 Misc 2d 963.]