FOURTH DEPARTMENT, NOVEMBER, 1999

(November 12, 1999)

■ In the Matter of DANIEL HOY et al., Petitioners-Respondents, v EDWARD MERCADO, as Commissioner of New York State Division of Human Rights, et al., Respondents-Petitioners, and JANIE (STEARNS) CRAWFORD, Respondent. [698 NYS2d 384] —Determination unanimously annulled on the law without costs, petition granted and cross petition dismissed. Memorandum: Petitioners commenced this proceeding, which has been transferred to this Court pursuant to Executive Law § 298, to challenge the determination of respondent Commissioner of the New York State Division of Human Rights. The Commissioner determined that petitioners, in refusing to rent an apartment to complainants, a cohabiting couple, unlawfully discriminated against them based on their "marital status" in violation of Executive Law § 296 (5) (a) (1). The Commissioner awarded compensatory damages for mental anguish, $750 to one complainant and $500 to the other.

Petitioners contend that the Commissioner erred in determining that their conduct violated Executive Law § 296 (5) (a);

that the award of damages is not supported by substantial evidence; and that petitioners' conduct is protected under the Free Exercise Clause of the First Amendment and article I, § 3 of the NY Constitution. The Commissioner and the New York State Division of Human Rights (respondents) have cross-petitioned for enforcement of the administrative order.

We conclude that the protections of Executive Law § 296 (5) (a) do not extend to complainants in these circumstances because the denial of housing to a cohabiting couple does not constitute unlawful discrimination on the basis of "marital status" (*see, McMinn v Town of Oyster Bay*, 105 AD2d 46, 50, *affd* 66 NY2d 544; *Hudson View Props. v Weiss*, 59 NY2d 733, 735; *Brooklyn Hgts. Realty Co. v Gliwa*, 92 AD2d 602, 602-603 [O'Connor, J., concurring]). The cases distinguish between discrimination based on an individual's status as married or unmarried (single, divorced, separated or widowed) and discrimination based on the identity of the person to whom the individual is or is not married (*see, Hudson View Props. v Weiss, supra*, at 735; *Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd.*, 51 NY2d 506, 510-512; *see also, Funderburke v Uniondale Union Free School Dist. No. 15*, 251 AD2d 622, 623-624, *lv denied* 92 NY2d 813; *Cramer v Newburgh Molded Prods.*, 228 AD2d 541, 542, *lv denied* 89 NY2d 803). The former constitutes unlawful discrimination based on marital "status", whereas the latter, i.e., discrimination based on the "relationship" or "situation" of an individual and his or her partner, is not prohibited by Executive Law § 296 (5) (a) (*Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd., supra*, at 510-512; *see, Hudson View Props. v Weiss, supra*, at 735). To paraphrase *Manhattan Pizza Hut* (*supra*, at 514), we observe that complainants in this case were denied the apartment "not for being [un]married, but for being [un]married to" one another (*see, Hudson View Props. v Weiss, supra*, at 735). In short, New York law prohibits landlords from discriminating against individuals (as a class) because they are unmarried, but permits them to discriminate against individuals, married or unmarried, who wish to cohabit with a nonspouse (*see generally,* Note, *Prohibiting Marital Status Discrimination: A Proposal for the Protection of Unmarried Couples*, 42 Hastings LJ 1415, 1423-1424). We note that respondents' interpretation of the statute is untenable in light of the following proviso in Executive Law § 296 (5): "The provisions of this paragraph (a) [i.e., the ban on discrimination in housing] shall not apply * * * to the restriction of the rental of all rooms in a housing accommodation to individuals of the same sex". The statute allows landlords to rent a housing ac-

commodation exclusively to individuals of one sex or the other and cannot be construed to require landlords to rent to cohabiting couples.

We have considered the parties' contentions with respect to Real Property Law § 235-f and conclude that the statute has no application to this case. In light of our determination, we do not address petitioners' challenges to the award of compensatory damages or to the constitutionality of the statute under the First Amendment or article I, § 3 of the NY Constitution. We annul the determination, grant the petition and dismiss the cross petition. (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Erie County, Mahoney, J.) Present—Denman, P. J., Pine, Hayes, Hurlbutt and Callahan, JJ.