OPINION OF THE COURT
Edward W. McCarty, III, J.
*285 Motion (No. 002) by defendants New York State Department of Civil Service (DCS), Daniel Wall and Robert Dubois (hereinafter, DCS defendants) for an order pursuant to CPLR 3212 granting summary judgment in favor of the DCS defendants; cross motion (No. 003) by plaintiff for an order pursuant to CPLR 3212 granting summary judgment in favor of plaintiff against all defendants, and cross motion (No. 004) by defendants Uniondale Union Free School District, William Lloyd, Lawrence Blake, and Myrtle Dickson (hereinafter, the District defendants) for an order pursuant to CPLR 3212 granting summary judgment in favor of the District defendants, are decided as set forth herein.
Plaintiff was employed for many years as a teacher by defendant Uniondale Union Free School District, until his retirement in 1988. As a retiree, plaintiff receives health insurance benefits from the District and is enrolled in the Empire Plan and the District Dental Plan and Supplemental Health Plan.
Plaintiff and his same-sex partner, Bradley Davis, have lived together since 1963. In February 1995, plaintiff requested domestic partner health care coverage from the District for his partner. The District refused and plaintiff commenced an action against the District alleging that the District’s denial of health insurance benefits to his domestic partner was discriminatory. The District’s motion to dismiss plaintiff’s complaint was granted in Funderburke v Uniondale Union Free School Dist. No. 15 (172 Misc 2d 963 [1997], affd in part 251 AD2d 622 [1998]).
On October 27, 2004, plaintiff and his partner, Mr. Davis, were married in Canada and returned to their residence in New York. By letter dated October 29, 2004, plaintiff requested spousal medical and dental insurance coverage from the District for Mr. Davis. The District advised plaintiff that the Empire Plan does not recognize same-sex marriages for the purpose of spousal coverage. The District’s counsel further advised plaintiff that the District was not required by law to provide health insurance coverage to same-sex spouses or domestic partners, and the District elected not to provide coverage to such individuals.
Plaintiff commenced this action alleging: (1) violation of the Civil Service Law and regulations; (2) denial of the right to equal protection under the New York State Constitution; and (3) breach of contract. In response to the District defendants’ motion to dismiss for failure to add necessary parties, plaintiff amended the complaint to add the DCS defendants. The motion to dismiss was then denied as academic.
*286 The DCS defendants and the District defendants now seek summary judgment in their favor, while plaintiff seeks summary judgment in his favor.
The issue in this case is whether a same-sex marriage performed in Canada triggers entitlement to spousal health insurance coverage in New York. In deciding this case, this court is constrained to follow the recent holding of the Court of Appeals in Hernandez v Robles (7 NY3d 338 [2006]). While the Court of Appeals in that case did not directly address the issue of whether New York should recognize same-sex marriages performed in foreign jurisdictions, the Court’s ruling is instructive on the definition of marriage. The Court of Appeals held that there are rational grounds for limiting the definition of marriage to opposite sex couples and that any expansion of the traditional definition of marriage should come from the New York State Legislature.
Plaintiff urges that the marriage recognition rule should apply and that New York must therefore recognize his Canadian marriage. However, plaintiff’s union is not a “marriage” as same has now been defined by the Court of Appeals. Under current New York law, plaintiff and his partner are not considered spouses and therefore spousal insurance benefits are unavailable to them.
All of the defendants’ motions for summary judgment are therefore granted and plaintiffs cross motion for summary judgment is hereby denied.