■ MERLE HIRSCHMANN, Plaintiff, v CONSTANTINE HASSAPOYANNES, Respondent and Third-Party Plaintiff-Respondent. 20166 TENANTS CORP. et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. [859 NYS2d 150]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered June 18, 2007, which, in a third-party action for housing discrimination arising out of a contract for the sale of a cooperative apartment, granted third-party plaintiff buyer's motion for summary judgment, inter alia, permanently enjoining third-party defendants cooperative and members of its board to reinstate their approval of buyer's application to purchase the apartment, and to proceed forthwith to closing, unanimously affirmed, without costs.

For present purposes, it appears that when informed at his board interview of the co-op's rules, including one against washers and dryers in apartments, buyer indicated that he had no problems therewith; that just prior to the closing, at the urging of plaintiff seller's broker, buyer informed the co-op's managing agent that his disability required him to have a washer/dryer in the apartment; and that once so informed, the board adjourned the closing and then rescinded its prior approval of buyer's purchase application. The co-op argues that while it knew from buyer's financial disclosure that he was receiving disability payments, his concurrence at the interview with the co-op's rules, and failure to disclose his need for a washer/dryer until the last minute, were indicative of a dishonest and uncooperative nature that gave the co-op reason to believe that buyer would not work with the co-op to insure a safe installation of a washer/dryer, thus providing a legitimate, nondiscriminatory reason for rescinding its approval.

The motion court correctly rejected this argument on the ground that, by law, buyer was not required to disclose, and the co-op was not permitted to inquire into, buyer's disability, and consequent need for a reasonable accommodation, at the

interview, or indeed at any time prior to its decision on the application.

The co-op conceded that the buyer had established a prima facie case of discrimination. The burden then shifted to the co-op to offer a legitimate, nondiscriminatory reason for rescinding its approval (*see Woods v Real Renters Ltd.*, 2007 WL 656907, \*9, 2007 US Dist LEXIS 19631, \*28 [SD NY 2007]). While a cooperative board has the responsibility to protect shareholders from potential or existing shareholders who might harm the shareholders' and the co-op's interests (*see 40 W. 67th St. v Pullman*, 100 NY2d 147, 156 [2003]; *1050 Tenants Corp. v Lapidus*, 39 AD3d 379, 385 [2007], *lv denied* 9 NY3d 807 [2007]), here, the co-op entirely failed to present a nondiscriminatory reason for revoking its approval of the buyer.

We have considered the co-op's other arguments and find them unavailing. Concur—Andrias, J.P., Nardelli, Williams, Catterson and Moskowitz, JJ. [*See* 16 Misc 3d 1014.]