Matter of McCabe v 511 W. 232nd Owners Corp. (2023 NY Slip Op 01592)

Matter of McCabe v 511 W. 232nd Owners Corp.

2023 NY Slip Op 01592

Decided on March 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 23, 2023

Before: Renwick, J.P., Friedman, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 802172/22E Appeal No. 17574 Case No. 2022-05809 

[*1]In the Matter of Maryann McCabe et al., Petitioners-Appellants,
v
511 West 232nd Owners Corp., Respondent-Respondent.

Vernon & Ginsburg, LLP, New York (Yoram Silagy of counsel), for appellants.
Gallet Dreyer & Berkey, LLP, New York (Michelle P. Quinn of counsel), for respondent.

Judgment (denominated an order), Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about June 13, 2022, denying the petition to annul the determination of respondent cooperative board, dated October 27, 2021, which declined to transfer the shares and proprietary lease for the subject cooperative unit to petitioner, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The cooperative board's decision was made in furtherance of a legitimate corporate purpose, and was not "arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]; see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 542 [1990]). The cooperative legitimately applied the terms of paragraph 16 of the proprietary lease to find that petitioner was not the decedent's spouse and therefore required approval by the board prior to transfer of the proprietary lease and shares of the subject unit (see Hudson View Props. v Weiss, 59 NY2d 733, 735 [1983]; see also Matter of Cadalzo v Russ, 195 AD3d 463, 465 [1st Dept 2021]). Furthermore, based on petitioner's tax returns and financial information provided on her application to transfer such shares, the cooperative offered a legitimate, nondiscriminatory reason for denying its approval (see Hirschmann v Hassapoyannes, 52 AD3d 221, 222 [1st Dept 2008]). Absent bad faith or discrimination, the board's decision is protected by the business judgment rule (see Matter of Levandusky, 75 NY2d at 538).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2023