24-1229
*Hunter v. Debmar-Mercury LLC*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-five.

PRESENT:
      ROBERT D. SACK,
      BETH ROBINSON,
      MYRNA PÉREZ,
         *Circuit Judges.*

———————————————————————

KELVIN HUNTER,

    *Plaintiff-Appellee,*

      v.                             No. 24-1229

DEBMAR-MERCURY LLC., IRA BERNSTEIN, MORT MARCUS,

    *Defendants-Appellants.*[*]

———————————————————————

———————————————

[*] The Clerk's office is directed to amend the caption as reflected above.

FOR PLAINTIFF-APPELLEE:    JONATHAN I. EDELSTEIN, Edelstein & Grossman, New York, NY.

FOR DEFENDANTS-APPELLANTS:    WILLIAM M. JAY, Goodwin Procter LLP, Washington, DC (Isabel M. Marin, Goodwin Procter LLP, Washington, DC; Darrell S. Gay, ArentFox Schiff LLP, New York, NY, *on the brief*).

FOR AMICUS SOCIETY FOR HUMAN RESOURCE MANAGEMENT:    Robert T. Szyba, Seyfarth Shaw LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Gardephe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 1, 2023 Order is **VACATED**.

Defendant-Appellant Debmar-Mercury LLC and its principals Defendants-Appellants Ira Bernstein and Mort Marcus (collectively "Debmar-Mercury") appeal from the district court's order denying their motion to dismiss Plaintiff-Appellee Kelvin Hunter's marital-status discrimination claim under the New York City Human Rights Law ("NYCHRL"). The district court certified the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and a panel of this Court granted permission to hear the appeal. We assume the parties' familiarity with

2

the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

Debmar-Mercury "produces, creates, finances, manages, and distributes television programming."  App'x 10 ¶ 14.[1]  It created, produced, and distributed *The Wendy Williams Show*, which was hosted by Wendy Williams, who at one point was "the number one female host on daytime television."  *Id.* ¶ 19.

Hunter was the Executive Producer on the show from around November 2007 to April 2019, during which time he was married to Williams.  In April 2019, Hunter was served with a notice that Williams was filing for divorce.  A week later, Hunter received a notice informing him that his position at the show had been terminated, despite, he alleges, him being "[i]nstrumental to the [s]how's success."  App'x 11 ¶ 21.  Hunter alleges that he was terminated "solely because of his marital status" to Williams and "not for any performance-based reasons." *Id.* at 16 ¶ 53.  And he claims this conduct violates the NYCHRL, which bars an employer from discharging or discriminating against an employee on the basis of "marital status."  N. Y. City Admin. Code § 8-107(1)(a).

---

[1] Except where noted, we draw the following facts from the allegations in Plaintiff's complaint, which we accept as true for purposes of our analysis.  *See Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007).

Debmar-Mercury moved to dismiss the complaint before the district court, arguing that the NYCHRL did not cover discrimination based on an employee's marital status in relation to a specific person. The district court denied the motion, concluding, largely on the basis of an intermediate New York state court decision, that the NYCHRL reached Hunter's claims. *Hunter v. Debmar-Mercury LLC*, No. 22-cv-1687, 2023 WL 5671527, at *5–16 (S.D.N.Y. Sept. 1, 2023). The sole issue on this interlocutory appeal is whether "marital status" under the NYCHRL encompasses an employee's marital status *in relation to a particular person*.

We review the district court's order on a motion to dismiss without deference, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor."[2] *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* at 741.

At the time the district court granted Debmar-Mercury's motion for interlocutory review, the question presented was a vexing one. Longstanding precedent from the New York Court of Appeals established that discrimination on

---

[2] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

the basis of "marital status" means discrimination on the basis of one's status as married, or not, and does not extend to acts undertaken because of *whom* an individual has, or has not, married. *See Manhattan Pizza Hut, Inc. v. New York State Human Rights Appeal Board*, 51 N.Y.2d 506, 512, 514 (1980) (rejecting a claim of marital-status discrimination under the New York State Human Rights Law ("NYSHRL") by an employee who was fired not because she was married, but because she was married *to her manager*); *see also Hudson View Properties v. Weiss*, 59 N.Y.2d 733, 735 (1983) (applying the same construction of "marital status" to housing-discrimination claims under the NYCHRL and NYSHRL); *Levin v. Yeshiva University*, 96 N.Y.2d 484, 490–91 (2001) (reaffirming the distinction between "the complainant's marital status as such, and the existence of the complainant's disqualifying relationship—or absence thereof—with another person" for housing-discrimination claims under both the NYCHRL and NYSHRL).

But in a 2018 decision, an intermediate appellate state court concluded that two intervening amendments to the NYCHRL changed the meaning of "marital status" in this context.[3] *Morse v. Fidessa Corporation*, 165 A.D.3d 61, 64–70 (N.Y.

---

[3] For context, and as relevant here, the New York City Council amended the NYCHRL in 2005 and 2016. The Local Civil Rights Restoration Act of 2005 provided that the HRL is to be interpreted liberally and independently of similar federal and state provisions to fulfill the

App. Div. 1st Dept. 2018). Though the district court was skeptical of the *Morse* court's reasoning, it decided that it was compelled to follow *Morse* because it concluded that it lacked "persuasive evidence" that the New York Court of Appeals would reject *Morse*. *Hunter*, 2023 WL 5671527, at \*15.

Since the district court certified its decision for interlocutory review, the New York Court of Appeals has provided the missing "persuasive evidence," conclusively deciding the issue in *McCabe v. 511 West 232nd Owners Corp.*, --- N.Y. 3d ----, 2024 WL 5126078 (Dec. 17, 2024).

In *McCabe*, the board of a cooperative apartment declined to recognize an automatic transfer of a decedent owner's shares and lease to his long-time partner because the two weren't married, as required by the applicable lease. *Id.* at \*1–2. The surviving partner challenged the board's action as violative of the NYCHRL, specifically arguing that the board discriminated against her based on her marital status to her deceased partner. *Id.* at \*1.

---

"uniquely broad and remedial" purposes of the city law. N.Y.C. Local L. 85. In 2016, the law was amended to "provide additional guidance for the development of an independent body of jurisprudence for the [NYCHRL] that is maximally protective of civil rights in all circumstances" and cited several New York Court of Appeals decisions that "correctly understood and analyzed the liberal construction requirement," none of which addressed marital-status discrimination. N.Y.C. Local L. 35 §§ 1, 2(c).

The Court of Appeals rejected her claim, reasoning that "marital status" in the NYCHRL "reflects the legal condition of being single, married, legally separated, divorced, or widowed." *Id.* at *4. "Marital status turns on whether an individual has participated or failed to participate in a marriage, and is distinct from the identity or situation of the individual's spouse." *Id.* In other words, "marital status" refers to "whether a person is participating in a marriage, not the nature of one's relationship with another specific person." *Id.*

This reasoning squarely resolves the question here. Hunter does not allege that he was fired because of his status as married, unmarried, or divorced, but, instead, because of his marital status *specifically to* Williams.

Hunter distinguishes *McCabe* on the basis that it analyzed a claim for discrimination in housing rather than employment, but the *McCabe* court expressly rejected the suggestion that "marital status" under the NYCHRL has different meanings in the housing and employment contexts. *Id.* at *6 ("[I]t would be quite unusual for the legislature to use the same words in the same statute, but intend for them to have different meanings."). Moreover, the Court of Appeals approvingly cited *Manhattan Pizza Hut*, which addressed a claim of employment discrimination. *Id.* at *3.

Likewise, Hunter's argument that his situation is distinguishable because he *was* married to Williams whereas the petitioner in *McCabe* was *not* married to her partner is unpersuasive. Both Hunter and the petitioner in *McCabe* challenged adverse actions undertaken based on their marriage or divorce relative to a specific person, not their general status as married, unmarried or even divorced. *Id.* at *7 ("[Petitioner] was not denied an automatic transfer of [the] unit merely because she was unmarried, but because of her relationship to a particular person.").

Finally, we reject Hunter's argument that his case is distinguishable because, unlike the petitioner in *McCabe* who had the opportunity to purchase the co-op shares, he was not given an opportunity to remedy or continue his employment. The *McCabe* court's ruling did not turn on that fact.

\* \* \*

For the foregoing reasons, the district court's order is **VACATED** and the case is **REMANDED** to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8